Michael G. Brady, ISB #1293
**EBERLE, BERLIN, KADING, TURNBOW
  & MCKLVEEN, CHARTERED**
1111 W. Jefferson Street, Suite 530
Post Office Box 1368
Boise, ID 83701
Telephone:  (208) 344-8535
Facsimile:  (208) 344-8542
E-Mail:    mbrady@eberle.com

**Attorneys for Plaintiff, Owners Insurance Company**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OWNERS INSURANCE COMPANY, a Michigan corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>BULLOCK BUILDING COMPANY, LLC, an Idaho limited liability company; and ZACHARY BULLOCK, an individual<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Owners Insurance Company (Owners), by and through its attorneys of record, Eberle, Berlin, Kading, Turnbow, & McKlveen, Chartered, as and for a Complaint for Declaratory Judgment against Defendants Bullock Building Company, LLC and Zachary Bullock, an individual, pleads and alleges as follows:

# I.
# PARTIES

1. At all times relevant hereto, Owners was, and now is, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan.

2. At all times relevant hereto, Defendant Bullock Building Company, LLC, was, and now is, an Idaho limited liability company, with its principal place of business in Nampa, Canyon County, Idaho.

3. At all times relative hereto, Defendant Zachary Bullock is an individual, and a manager/member of Bullock Building Supply Company, LLC.

4. At all times relative hereto, Defendant Zachary Bullock is an individual residing in Nampa, Canyon County, Idaho and is a citizen of the State of Idaho.

# II.
# JURISDICTION AND VENUE

5. This Court has diversity jurisdiction by reason of diversity of citizenship and the amount in controversy exceeds $75,000.00, pursuant to 28. U.S.C. § 1332.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and (c).

# III.
# FACTS

7. Owners issued a commercial general liability policy to Defendants, policy No. 57-4140182, policy term: 09/20/2017 to 09/20/2018 (Owners Policy).

8. On August 10, 2018, George A. Wooldridge (Wooldridge) while working for Defendants Bullock Building Company, LLC and Zachary Bullock (Bullock) fell from a building

after his foot was caught by a falling truss, ultimately falling approximately 10 feet off the roof of the building onto the ground, sustaining bodily injuries.

9. Thereafter, Wooldridge filed a workers compensation claim with the Idaho State Insurance Fund, the workers compensation surety for Bullock.

10. On April 15, 2019, Wooldridge filed a Complaint with the Idaho Industrial Commission against Bullock, Franklin Building Supply (statutory employer) and Toll Brothers Inc., d/b/a Coleman Homes (statutory employer).

11. On August 7, 2020, Wooldridge filed a Complaint against Bullock Building Company, LLC and Zachary Bullock as Defendants (underlying Complaint). On March 26, 2021, Quentin W. Lackey at Lackey Law Group filed an Answer on behalf of the Bullock Defendants.

12. On June 11, 2021, a hearing was held before the Idaho Industrial Commission, during which both Wooldridge and Zachary Bullock testified. Wooldridge testified he was acting as an employee of Bullock at the time of the accident on August 10, 2018, and Zachary Bullock testified that Wooldridge was acting as an independent contractor.

13. Thereafter, Franklin Building Supply accepted responsibility as a statutory employer, and subsequently paid Wooldridge $25,466.40 in PPI benefits, $26,597.35 in TTD benefits, and $162,778.03 in medical expenses.

14. The Idaho Industrial Commission case is still pending.

15. Sometime after May 16, 2022, Owners received a letter from Lackey dated May 16, 2022 first notifying Owners of the August 10, 2018 work site accident involving Wooldridge and that Lackey was retained by Bullock to represent Bullock in a workers compensation matter before the Idaho Industrial Commission. It was represented by Lackey that Bullock's "legal matter

inflated to encompass, not only a workers compensation matter, but three other civil lawsuits as a result of certain facts that were ascertained from the workers compensation action."

16. In response to the May 16, 2022 letter, Owners opened a file and on May 23, 2022, the file was assigned to the Boise branch. On May 26, 2022, Owners' field claim representative, Charles Hayes (Hayes) discussed the workers compensation claim with Lackey in a telephone conference, wherein Lackey explained that Franklin Building Supply hired Bullock to complete work. Bullock then hired Wooldridge to pay him for some contract work. Wooldridge fell while working and had to use Franklin Building Supply's workers compensation policy. Bullock "is now being sued for the amount paid under the FBS's workers compensation policy by FBS."

17. Based on his telephone conference with Lackey on June 22, 2022 Hayes sent a Reservation of Rights letter to Bullock quoting portions of the Owners policy, specifically, the Notice of Claim and Suit conditions of the Owners policy and exclusions **d. Workers Compensation and Similar Laws** and **e. Employers Liability.** On July 14, 2022, the June 22, 2022 Reservation of Rights letter was returned by the U.S. Post Office to Owners as "undeliverable as certified mail."

18. On June 26, 2022, a demand letter was sent to Lackey by Wooldridge's attorney, Rachel Collins, making a settlement demand of $1,562,897.94 on behalf of Wooldridge. This settlement demand was never sent by Lackey to Owners.

19. On August 1, 2022, a Coverage Position Letter was sent by Owners to both Bullock and Lackey again citing the Notice of Claim and Suit conditions, and exclusion **d. Workers Compensation and Similar Laws,** and denying coverage.

20. On January 10, 2023, Hayes received a letter from Wooldridge's attorneys acknowledging receipt of the August 1, 2022 Owners Coverage Position Letter denying coverage, and for the first time attaching a copy of the underlying Complaint filed on August 7, 2020 by Wooldridge against Bullock.

21. On January 23, 2023, Hayes sent an email to Lackey reopening the file and setting forth a list of questions to be answered by Lackey.

22. On March 10, 2023, Lackey responded to Hayes' January 23, 2023 email attaching Wooldridge's underlying Complaint filed on August 7, 2020, and the June 26, 2022 demand letter from Wooldridge's attorneys to Lackey.

23. Owners has denied coverage for the claims and damages alleged by Wooldridge in the underlying Complaint, pursuant to the terms and conditions of the Owners policy.

24. An actual and justiciable controversy exists between Owners and Bullock involving the rights and liabilities of the parties, if any, under the Owners policy, which controversy is dependent upon the construction of the Owners policy, and which controversy may be determined by a judgment of this Court without other lawsuits.

## COUNT I
### (DECLARATORY JUDGMENT)

25. Owners repleads and realleges all of the allegations contained in paragraphs 1 through 24 of this Complaint, as if set forth hereafter.

26. As a result of the claims made by Bullock to Owners, a dispute has arisen between the parties to this Declaratory Judgment Action, as to the obligations owed by Owners, if any, pursuant to the Owners policy.

27. The Owners policy issued by Owners does not provide coverage for the claims and damages alleged in the underlying Complaint. The Owners policy provides in relevant part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
…
Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result.
    …

2. **Exclusions**
    This insurance does not apply to:
    …
    **d. Workers Compensation And Similar Laws**
    Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law

    e. **Employer's Liability**
       "Bodily injury" to:
       (1) An "employee" of any insured arising out of and in the course of employment by any insured; or
          …
       This exclusion applies:

**COMPLAINT FOR DECLARATORY JUDGMENT - Page 6**
0120-265/01244712.000

  (1) Whether any insured may be liable as an employer or in any other capacity; and
  (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

…

**1. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

 a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
  (1) How, when and where the "occurrence" or offense took place;
  (2) The names and addresses of any injured persons and witnesses; and
  (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

 b. If a claim is made or "suit" is brought against any insured, you must:
  (1) Immediately record the specifics of the claim or "suit" and the date received; and
  (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 c. You and any other involved insured must:
  (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  …
  (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
  …

## SECTION V – DEFINITIONS

…

 4. "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

 …

 14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 …

 21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged.

 …

**COUNT II**
**(ATTORNEY FEES)**

28. Owners repleads and realleges all of the allegations contained in paragraphs 1 through 27 of this Complaint, as if set forth hereafter.

29. Owners has been required to retain the law firm of Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, to bring this action. Owners is entitled to recovery costs and reasonable attorney fees incurred in this case pursuant to Idaho Code §§ 12-121 and 12-123, and/or other applicable provisions of Idaho law. In the event judgment is entered int this case by default, Owners requests the sum of at least Five Thousand Dollars and No/100 ($5,000.00) as reasonable attorney fees, and further sums as the Court deems just and reasonable if this case is contested.

WHEREFORE, Owners prays for a declaratory judgment as follows:

1. That Owners is under no duty or obligation to defend or indemnify Defendants Bullock Building Company, LLC and/or Zachary Bullock for the claims and damages alleged in the underlying Complaint;

2. That Owners has no duty or obligation to defend and indemnify Defendants Bullock Building Company LLC, and/or Zachary Bullock for claims and damages alleged in the underlying Complaint;

3. That Owners be awarded its attorney fees, costs and disbursements incurred in prosecuting this case; and

4. For such other and further and relief as the Court may deem just and proper.

DATED this 7th day of September, 2023.

EBERLE, BERLIN, KADING, TURNBOW

                                             & MCKLVEEN, CHARTERED

                                        */s/ Michael G. Brady*

                                      By:   Michael G. Brady
                                               Attorneys for Plaintiff Owners Insurance Company